**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE D. MILES, SR., | Case No. 1:14-cv-01606-SKO-HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (D0C. 1) |
| v. | |
| M. D. BITER, Warden, | ORDER DISMISSING PENDING MOTION AS MOOT (DOC. 3) |
| Respondent. | ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on October 30, 2014. Pending before the Court is the petition, which was filed on September 22, 2014.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the Kern Valley State Prison. Petitioner does not set forth his sentence or commitment

2

offense.  Petitioner challenges a third level appeal decision of the California Department of Corrections and Rehabilitation (CDCR) in which the CDCR determined that an administrative appeal filed by Petitioner had properly been cancelled due to his failure to comply with directions to correct the form in which he presented the claim, which concerned allegedly racially discriminatory conduct by an officer or officers of the CDCR.  Petitioner alleges the following claims in the petition: 1) a violation of the right of African American prisoners to justice; and 2) retaliation in the form of placement in solitary confinement for battery on a peace officer. Petitioner presents no information concerning exhaustion of state court remedies.  (Pet., doc. 1 at 2-4, 7-8, 12.)

II.  Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the

3

United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141 42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement to immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475, 500. Thus, such claims are within the core of habeas corpus jurisdiction.

The Ninth Circuit has recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of disciplinary finding likely to accelerate eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement). However, relief pursuant to § 1983 remains an appropriate remedy for claims concerning administrative decisions made in prison where success would not necessarily imply the

4

1   invalidity of continuing confinement.  <u>Docken v. Chase</u>, 393 F.3d at

2   1030 (characterizing <u>Neal v. Shimoda</u>, 131 F.3d 818 (9th Cir. 1997)

3   as holding that a § 1983 suit is an appropriate remedy for

4   challenges to conditions [there, administrative placement in a sex

5   offender program affecting eligibility for parole] which do not

6   necessarily imply the invalidity of continuing confinement); <u>Ramirez</u>

7   <u>v. Galaza</u>, 334 F.3d 850, 852, 858 (9th Cir. 2003).

8          Here, Petitioner's claims do not relate to or affect the

9   duration of his confinement; they concern only the conditions of his

10  confinement.  Thus, Petitioner's claims must be dismissed.  Even if

11  leave to amend were granted, it is not possible Petitioner could

12  amend his petition to allege tenable conditions claims.  Petitioner

13  could not allege specific facts that demonstrate that as a result of

14  the challenged procedures, the legality or duration of Petitioner's

15  confinement, as distinct from the conditions of his confinement, was

16  affected.  Accordingly, Petitioner's habeas petition will be

17  dismissed without leave to amend.

18         III.  <u>Remedy</u>

19         Although Petitioner has not alleged facts that would warrant

20  habeas corpus relief, the Court could construe Petitioner's claims

21  as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.

22  <u>See</u> <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971).  However, the

23  Court declines to construe the petition as a civil rights complaint

24  because of various differences in the procedures undertaken in

25  habeas proceedings on the one hand, and civil rights actions on the

26  other.

27         First, if the petition were converted to a civil rights

28  complaint, Petitioner would be obligated to pay the $350 filing fee

                                       5

for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee.  Here, the petition was not accompanied by the $350 filing fee or any authorization by Petitioner to have payments deducted from his trust fund account.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  Petitioner has not alleged he exhausted all available administrative remedies.

Petitioner has also failed to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim -- which is critical to the issue of sovereign immunity.  In addition, if the petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that all of Petitioner's allegations state civil rights claims.  If the pleading ultimately were dismissed for failure to state a claim upon which relief may be granted, such a dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and any future civil rights action he might bring.

1    Based on the foregoing, it is appropriate to dismiss the
2  petition so Petitioner himself may determine whether or not he
3  wishes to raise his present claims through a properly submitted
4  civil rights complaint.  In light of the dismissal, Petitioner's
5  pending motion for a copy of the local rules will also be dismissed
6  as moot.

7    IV.  <u>Certificate of Appealability</u>

8    Unless a circuit justice or judge issues a certificate of
9  appealability, an appeal may not be taken to the Court of Appeals
10 from the final order in a habeas proceeding in which the detention
11 complained of arises out of process issued by a state court.  28
12 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336
13 (2003).  A district court must issue or deny a certificate of
14 appealability when it enters a final order adverse to the applicant.
15 Rule 11(a) of the Rules Governing Section 2254 Cases.

16    A certificate of appealability may issue only if the applicant
17 makes a substantial showing of the denial of a constitutional right.
18 § 2253(c)(2).  Under this standard, a petitioner must show that
19 reasonable jurists could debate whether the petition should have
20 been resolved in a different manner or that the issues presented
21 were adequate to deserve encouragement to proceed further.  <u>Miller-</u>
22 <u>El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S.
23 473, 484 (2000)).  A certificate should issue if the Petitioner
24 shows that jurists of reason would find it debatable whether: (1)
25 the petition states a valid claim of the denial of a constitutional
26 right, and (2) the district court was correct in any procedural
27 ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

28

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability will issue.

V.   Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254;

2) Petitioner's motion for a copy of the local rules is DISMISSED as moot;

3) The Court DECLINES to issue a certificate of appealability; and  4) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **December 9, 2014**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

8