# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MILES, SR., <br><br> Petitioner, <br><br> v. <br><br> M.D. BITER, Warden, <br><br> Respondent. | Case No. 1:14-cv-01606-SKO  HC <br><br> ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION <br><br> (Doc. 12) |

Petitioner is a state prisoner proceeding *pro se* whose petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed on December 10, 2014.[1]  After screening the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court, the Court held that it lacked jurisdiction over the habeas petition, which alleged claims concerning conditions of confinement not cognizable in a habeas corpus proceeding.  Petitioner took no action until April 25, 2016, when he moved for reconsideration, arguing that the Court had jurisdiction over the petition pursuant to *United Mine Workers of America v. Gibbs* (383 U.S. 715, 717 n. 1 (1966)).

Petitioner acknowledges that jurisdiction in *Gibbs* was premised on Section 303 of the Labor Management Relations Act of 1947, but argues that *Gibbs* nonetheless provides this Court with jurisdiction to address his petition.  That is incorrect.  The petition asserted civil rights claims under 42 U.S.C. § 1983 and did not include any claims that related in any way to labor-

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment.

management relations.  The existence of jurisdiction in *Gibbs* does not permit the Court to exercise subject matter jurisdiction over a habeas petition alleging claims that are not cognizable in a habeas corpus proceeding.

As set forth in the order dismissing the petition, civil rights claims alleging constitutional violations arising from conditions of confinement must be brought in a § 1983 civil suit, not as a petition for writ of habeas corpus.  In declining to convert the habeas petition to a civil rights action, the Court explained in detail the procedural differences between civil rights actions and petitions for writ of habeas that resulted in its decision to dismiss the petition rather than to convert it to a civil rights action.  Petitioner did not refile the claims in a civil rights action.

Even if the footnote in *Gibbs* could confer habeas jurisdiction on Petitioner's civil rights claims, the motion for reconsideration is untimely.  A motion to alter or amend a judgment must be made within 28 days after entry of the judgment.  F.R.Civ.P 59(e).  A motion for relief from a judgment must be made within a reasonable time -- in most cases not more than a year after the entry of judgment.  F.R.Civ.P. 60(c)(1).  Based on a fifty-year-old case, a reconsideration motion filed over 16 months after the judgment has been unreasonably delayed.

Petitioner's motion for reconsideration of the Court's dismissal of his petition for writ of habeas corpus is hereby DENIED.

IT IS SO ORDERED.

Dated:   **April 28, 2016**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE